IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANASS NAZIH**, *et al.*, : | |
| : | Case No. 2:17-cv-947 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| **CAFÉ INSTABUL OF COLUMBUS, LLC,** : | |
| *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER APPROVING SETTLEMENT

This matter is before the Court on Plaintiffs' unopposed Motion for Settlement Approval. (ECF No. 65). For the following reasons, the Court **GRANTS** the Motion for Settlement Approval and the case is **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order.

This matter is now terminated by settlement and shall be considered, pursuant to Fed. R. Civ. P. 41, dismissed without prejudice as to all claims, until the parties file the above-referenced Dismissal Order dismissing this matter with prejudice, unless the case is reopened for good cause shown upon proper motion of one or more parties to this action. The Court will retain jurisdiction over the settlement agreement.

### I.   BACKGROUND

Plaintiffs filed their Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), the Ohio Constitution Art. II, § 34a of the Ohio Minimum Fair Wage Standards Act, and O.R.C. § 4113.15. The proposed settlement would fully resolve all claims which presently exist or may exist in the future against Defendants arising out of or relating to Plaintiffs'

1

assertions in the Complaint. The Court has reviewed Plaintiffs' unopposed Motion and Settlement Agreement and approves the proposed settlement for the following reasons.

## II. ANALYSIS

The Court shall approve an FLSA settlement if there exists a bona fide dispute under FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions*, LLC, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006)).

The settlement meets this standard for approval. First, the Court finds the settlement was the result of bona fide dispute. The case was actively litigated by both parties and was only resolved with the assistance of a neutral mediator. Defendants deny the material allegations of Plaintiffs' claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. There is no indication that the parties were "merely engaged in pretense and posturing." *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009). As discussed below, the Court also finds that the settlement agreement was reached as the result of arms-length negotiation.

### A. Fairness, Reasonableness, and Adequately of Settlement

To determine whether a settlement is "fair, reasonable, and adequate," the Court balances the following factors: "1. Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; 2. The complexity, expense and likely duration of the litigation; 3. The stage of the proceedings and the amount of discovery completed; 4. The judgment of experienced trial counsel; 5. The nature of the negotiations; 6. The objections, if any, raised by the class members; and 7. The public interest." *Kritzer*, 2012

WL 1945144, at *6. The balance of these factors weighs in favor of approving the proposed settlement.

### 1. Likelihood of success on the merits.

It is not clear that Plaintiffs' would have lost their FLSA claims if this case proceeded to trial. However, resolution of Plaintiffs' claims would be very fact-intensive, and would have required proving allegations that Defendants did not log all of their time worked, and destroyed tip and payroll records. (ECF No. 65 at 7-8). This Court agrees with Plaintiffs that their likelihood of success on the merits is outweighed by the benefits of the proposed settlement. As Plaintiffs point out, even if Defendants could be held liable, there is still a question of Plaintiffs' ability to collect. Plaintiffs claim they doubt the ability of Defendants to fully pay potential damages awarded in a jury trial, and thus collectively decided pursuing a settlement was in their best interest. (ECF No. 65 at 9-10).

### 2. Complexity, expense, and likely duration of litigation.

Given the fact-intensive nature of the wage dispute, the parties contend that continuing to litigate this case "would be time-consuming and costly for both parties." (ECF No. 65 at 9). This Court agrees. As the district court found in *In re Telectronics*, "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1013 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)).

### 3. The stage of the proceedings.

Plaintiffs filed their Complaint in October of 2017 and filed their motion for conditional class certification in November. In September 2018, this Court granted Plaintiffs' motion for

conditional class certification. (ECF No. 44). The parties conducted substantial discovery, including the taking of several dispositions. In March 2019, the parties submitted this Motion for Settlement and Defendants withdrew their Motion for Summary Judgment. (ECF Nos. 65, 66). As in *In re Telectronics*, "[t]he advantaged stage of the proceedings and the substantial amount of concluded discovery in this case, means that the Parties have been able to perform a realistic assessment of the factual and legal strengths and weaknesses of the claims and defenses." 137 F. Supp. 2d at 1015.

### 4. The judgment of experienced trial counsel.

Counsel for both parties believe the proposed settlement is fair, reasonable, and adequate. The Court gives weight to the judgment of experienced counsel that the settlement is in the best interests of the class. *See Kritzer*, 2012 WL 1945144, at *7.

### 5. The nature of the negotiations.

The Court finds that the negotiations were conducted at arm's length and there is no reason to believe the settlement involves collusion. The settlement occurred after substantial discovery had taken place and with the assistance of a private mediator. *See Kritzer*, 2012 WL 1945144, at *7.

### 6. Lack of objections by class members.

No class member has filed a timely objection to the proposed settlement.

### 7. The public interest.

As the district court noted in *Kritzer*, "[t]here is a strong federal policy encouraging settlement of class actions." 2012 WL 1945144, at *6. The Court finds that settlement is in the public interest and "ends potentially long and protracted litigation." *Id.* (citing *In re Broadwing*, 252 F.R.D. at 369).

## B. Attorneys' Fees

The proposed settlement provides for $11,760.25 in attorneys' fees and costs for class counsel. (ECF No. 65 Ex 1. at 2). This constitutes just over one-third of the common settlement fund. There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App' 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc*., 9 F.3d 513, 515–16 (6th Cir. 1993).

The Court analyzes the following factors in determining whether the fee is reasonable: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Castillo v. Morales*, Case: 2:17-cv-00476-ALM-EPD2015 WL 13021899, at *6 (S.D. Ohio Dec. 22, 2015).

Plaintiffs' counsel requests $10,000 in attorneys' fees and $1,760.25 in expenses. Plaintiffs contend that the attorneys' fees requested are "substantially less" than Plaintiffs' counsel's lodestar. Counsel does not provide the lodestar amount in its motion, though it offers to submit its billing records to the Court should it wish to review them. (ECF No. 63 Ex. 1 at 12 n.5). Plaintiffs' counsel argues that the fee amount is reasonable considering the number of motions, discovery, and settlement communications engaged in over the course of the litigation, and Defendants do not object. They claim they are willing to recovery only a partial fee for the Plaintiffs to obtain an immediate benefit, and that this amount is reasonable in this case. (*Id.* at 13).

The Court agrees the attorneys' fees in the proposed settlement are reasonable. Plaintiffs are receiving a substantial benefit, in the amount of approximately two-thirds of the total settlement fund, distributed among the Plaintiffs for lost wages and damages. Given that the litigation was initiated in 2017 and substantial discovery has taken place, the value of hourly services also reasonable, in that the attorneys' fees requested is less than the fees that could be requested under a lodestar calculation. *See Kritzer*, 2012 WL 1945144, at *10. Plaintiffs' Counsel undertook the representation on a contingency fee arrangement. (ECF No. 65 Ex. 2 at ¶ 3). Thus, Counsel has borne the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources would be lost. Counsel should be compensated for this risk. "There is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank*, 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011). As discussed above, this litigation is complex and involves skilled attorneys on both sides. For these reasons, the Court finds the balance of factors weighs in favor of granting the proposed attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Settlement Approval and orders that this case be **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of

settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

    **IT IS SO ORDERED.**

                                                                  _s/ Algenon L. Marbley_
                                                                    **ALGENON L. MARBLEY**
                                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: October 24, 2019**